UNITED STATES of America

v.

David MARTINEZ.

Crim. No. 84–00035–02.

United States District Court, M.D. Pennsylvania.

Sept. 14, 1984.

Sally Lied, Asst. U.S. Atty., Harrisburg, Pa., for plaintiff.

Robert DeGroot, Weiss, Turco & De-Groot, Newark, N.J., for defendant.

## MEMORANDUM

RAMBO, District Judge.

Before the court are post-trial motions submitted by the defendant in which he seeks the following alternative relief:

1. An order for judgment of acquittal;

2. An order vacating the verdict of guilty;

3. An order granting a new trial.

Defendant was convicted of one count of aiding and abetting the interstate transportation of stolen property and of conspiracy to commit the same. At the heart of defendant's post-trial motions is the issue of whether or not the government met the jurisdictional requirement that the value of the stolen property be $5,000.00 or more.

In the instant case, the stolen property consisted of a skid of York Peppermint Patties manufactured by Peter-Paul Cadbury Company. The stolen skid of candy consisted of twelve (12) individual boxes containing thirty-six (36) individual bars or four hundred and thirty-two (432) bars in a case. There were forty-eight (48) cases on a skid or 20,736 individual bars (N.T. I-25). A consumer would pay thirty (.30) or thirty-five (.35) cents a bar (N.T. I-40).

The York Peppermint Patties were of the same character and quality as those sold at retail and were generally produced for the purpose of sale at retail. Peter-Paul Cadbury customers include not only other wholesalers, but also retail outlets. The price charged per bar depended on the outlet (N.T. I-9), but, almost invariably, such bars sell for either $0.30 or $0.35 each depending on the retail outlet. At $0.30 a bar, a skid had a value of $6,220.80. At $0.35 a bar a skid had a retail market value of $7,257.60.

The above values were testified to by Daniel A. Lorusso, Director of Distribution for Peter-Paul Cadbury. Mr. Lorusso also testified that the value of the skid to Peter-Paul Cadbury—the wholesale price—was $84.24 per case or $4,043.32 per skid (N.T. I-34). Defendant contends that the latter price should control the jurisdictional amount.

In *U.S. v. Moore*, 571 F.2d 154 (3d Cir.1978), the court held that the value element of 18 U.S.C. § 2314 may be proved by evidence of the stolen property's value either at the time of theft or at the time of transportation. In *U.S. v. Willis*, 322 F.2d 548 (3d Cir.1963), the court, in deciding whether there was competent evidence to show $5,000.00 jurisdictional limit, spoke in terms of retail value. In footnote #1 of that decision, several other cases are cited which discussed market value. Each of these cases used the *retail* market value. *Herman v. U.S.*, 289 F.2d 362 (5th Cir. 1961) *cert. denied*, 368 U.S. 897, 82 S.Ct. 174, 7 L.Ed.2d 93 (1961); *Husten v. U.S.*, 95 F.2d 168 (8th Cir.1938); *Gordon v. U.S.*, 164 F.2d 855 (6th Cir.1947). *See also, Cave v. U.S.*, 390 F.2d 58 (8th Cir.1968) *cert. denied*, 392 U.S. 906, 88 S.Ct. 2059, 20 L.Ed.2d 1365 (1968). It is the opinion of this court that under the facts of the instant case, the retail value was the appropriate value to use in determining the jurisdictional limitation.

The defendant also alleges that Daniel A. Lorusso was not competent to testify as to the retail value of the merchandise. Mr. Lorusso was not called to the stand as an expert witness to give an opinion. He was called as a fact witness. As previously noted, Daniel A. Lorusso is the Director of Distribution for Peter-Paul Cadbury. In that capacity, he was responsible for customer service and as such was knowledgeable about the customers of Peter-Paul Cadbury (N.T. I-7, 8) as well as the retail and wholesale prices of the can-

dies manufactured by Peter-Paul Cadbury (N.T. I–7, 8, 19, 41–42). Furthermore, no objection was placed on the record to the testimony of Mr. Lorusso. Such an objection is now untimely.

The defendant's last objection goes to this court's response to a jury question. The question presented to the court was:

> What is the court's ruling on the value of the stolen merchandise four thousand dollars (wholesale) or six thousand dollars plus (retail)?

N.T. III–274

The court responded to the question as follows:

> I instruct you that the value means face, par or market value, whichever is greatest. The aggregate value of all goods, wares, merchandise, securities and money referred to in a single indictment shall constitute the value thereof. For purposes of market value, I am instructing you that it is retail value.

N.T. III–285

The defendant argues that decision making on the essential element of value was incorrectly taken from the province of the jury. The defendant is in error. There was no dispute as to either the wholesale or retail value of the merchandise. The dispute concerned which figure controlled for jurisdictional purposes. This is a matter of law which is the responsibility of the court, not the jury.

For the foregoing reasons, the post-trial motions of the defendant will be denied.